Johnson, J.
Lid the court err in finding, as a matter of law, from the facts of this case, that Anderson was liable to account for rents and profits ?
To determine this we must look to the issues and admissions of the pleadings and the findings of-the court. If these facts warrant the judgment the court did not err.
Preliminary to the main question, and in answer-'to suggestions by counsel as to the form of the prayer for relief, and as to remark of the court to the effect that its judgment was based solely on the special findings, we may remark that this is a petition for equitable relief, and if the facts proved warrant such-relief the proceeding will be liberally construed to promote substantial justice.
Anderson does not in his defense deny that he is liable to account for rents and profits, but sets up a contract of purchase of the lands, and seeks specific performance thereof. The court finds against this contract, to which there is no exception.
By the terms of that contract, he was to buy up and release the judgments (not plaintiff’s), and pay off the mortgages. This he did not do, but purchased them in, and *107 thereupon took possession of the land. The court finds that he still owned these mortgages, and that there was no contract of sale. Anderson seeks in his answer to avoid an account by offsetting taxes and improvements, which he says are more than the rents and profits. The fair inference from this is, that if the rents and profits exceeded the taxes and improvements he would be liable.
He does not even aver that he entered under his contract of purchase. He alleges that after purchasing these liens on the land he took possession with the assent and agreement of Henry. As to the terms of this assent and agreement he is silent. In what character he entered, whether as purchaser, mortgagee, or otherwise, he does not say,
That he was a mortgagee, and was in possession, is all we know from the pleadings, except the fact as alleged by Anderson that the taxes and improvements are more than the rents and profits. • Erom this state of the pleadings, considered alone, the.presumption of law would be that his possession was referable to his character of mortgagee.
Looking also to the findings of the court, we learn that 'there was no contract of sale; hence his possession was not that of a purchaser at any time; also that he was in as tenant of Henry from June 1, 1862, to June 1, 1868 ; that on June 1, 1862, Henry and Anderson agreed to an exchange of lands of equal amount for one year, and also agreed that thereafter Anderson should. not be liable for rents. This agreement was made June 1, 1862.
What was the consideration for this exemption from paying rent after June 1, 1863, does not appear, if there was any. Erom Anderson’s answer we learn that after the 11th of July, 1862, during his tenancy, he purchased these mortgages; so that after June 1, 1863*»he held over while owner of these mortgages under an agreement not to be liable for rents.
At the date of Anderson’s entry, June 1, 1862, he was not the owner individually of any claims on the land, but became such while a tenant, shortly before his term expired.
*108 This raises the single question, what is the presumption of law as to the character of this occupancy after June 1, 1863 ? .
If there was no agreement between mortgagor and mortgagee to the contrary, the well-settled presumption is, in the absence of facts to destroy such presumption, that the mortgagee was in possession, under his mortgage, and as such liable to an account.
A mortgagee in possession is said to be the steward or bailiff of the mortgagor, and as such accountable to him or his assignee or mortgagee for the profits.
The rents and profits are de jure incident to the ownership of the equity of redemption.
In Cross v. Hepner, 7 Ind. 359, it was1 said a mortgagee entering into possession and taking the profits must be deemed to take them in his character as mortgagee. See also 1 Hill. Mort., chap. 16; Hite v. Irvin’s Adm’r, 287.
In the absence of this agreement, made at the time he took possession, that he was not to pay rent, Anderson would be regarded as a mortgagee in possession, and as such would be liable to account. The mortgagor, or any' subsequent lienholder, could compel him to account.
The presumption being that his possession was, in the absence of proof to the contrary, under his mortgage, creates a liability to such an account, without special averments that he was so liable. Civil Code, see. 129.
What is the effect of this agreement, that he should not be chargeable with rents and profits ?
Moore v. Degraw, 1 Halstead Ch. 346, is in point. Degraw had made three mortgages to his son, and a fourth to one Vannuis, and afterward rented the land to Moore, whose term would expire«May 1, 1845.
Before the expiration of this tenancy Moore purchased the three mortgages of his son, under an agreement with Degraw that if he would do so he was to pay no rent for the property, and should occupy until a sale under the mortgages.
On a bill afterward filed by Moore to foreclose these *109 mortgages owned by him, Vannuis, as the holder of the junior mortgage, asked that Moore be compelled to. account.
This was resisted by Moore, and this contract was set up to bar an account.
It will be seen that this case is much like the one at bar. In each the tenant in possession purchased in outstanding mortgages during his tenancy, under an agreement with the mortgagor not to pay rent. Moore’s tenancy expired May 1,1845, and the court treats his possession after that date as under the mortgages.
As to this agreement not to pay rent, the court says : “ There is something singular in the idea of a mortgagor’s agreeing that if a person will buy the mortgage from the mortgagee, he may take possession of - the mortgaged premises, and hold them free of rent until they are sold ■under the mortgage, and that the interest on the mortgage should still continue to run against him. I can see no inducement or consideration for such an agreement. . . . The case must then be decided as if no such agreement existed.”
We think this decision is founded on sound principles of equity. If a mortgagee in possession seeks to avoid the well-settled rule in equity which holds him accountable for rents and profits while the interest on the mortgage debt is accumulating, he must show such an agreement as will exonerate him from that liability.
When it is once shown that he is a mortgagee, and is in possession of the mortgage premises, receiving the rents and profits, there arises an implied obligation to account.
He is presumed to be in as mortgagee, and the bui’den rests upon him to show a valid agreement that relieves him from the duty to account.
That agreement to be valid must have a consideration to support it.
If the consideration, express or implied, be a forbearance on the mortgage debt, then it becomes an agreement to pay the value of the rents, in addition to the lawful in *110 terest on the debt, for the use of the money — a contract grossly inequitable in most cases, as well as usurious in its character.
Such a contract would not be upheld on a bill by the mortgagor to redeem, and for equally strong reasons a subsequent lienholder is entitled to the same relief as the mortgagor.
The plaintiff' below was seeking to reach Henry’s interest in these lands to satisfy his judgment.
He had the right to be subrogated to Henry’s rights as owner of the equity of redemption, incident to which was the right to have an account for rents and profits. To determine the value of this equity of redemption the amount due on the mortgages must be ascertained, and this can not be done without- such an account as the court below ordered. Taking all the facts disclosed, we are clearly of the opinion that a case was fully made out which warranted the judgment of the court below.
It would have been inequitable and unjust to allow interest on the mortgage debt without charging him with rents and profits.
The judgment is affirmed.
Scott, Chief Judge, .Day. Whitman, and Wright, JJ., concurred.